```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
        -v-                                     :
                                                :      23 Cr. 595 (JPC)
HAVEN SOLIMAN,                                  :
                                                :           ORDER
                        Defendant.              :
                                                :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On August 11, 2025, Defendant's counsel filed a partially redacted sentencing submission along with a partially redacted letter seeking leave to file the redacted sentencing submission. Dkts. 252, 253. Also on August 11, 2025, the Court received a communication from Matthew Lee of Inner City Press requesting that the Court unseal Defendant's sentencing submission. Dkt. 254. To the extent that Mr. Lee, who is admitted to the bar of the Southern District of New York, seeks leave to be heard, his application is granted. The Court has considered Mr. Lee's submission in resolving Defendant's redaction requests.

The Court grants in part Defendant's request to file the sentencing submission and letter in redacted form. On August 22, 2025, the Court issued a sealed order to Defendant requesting further information about certain redactions. Defendant responded, providing further information and withdrawing certain redaction requests, on August 23, 2025. The Court grants Defendant's revised redaction request. Defendant should file on the public docket a revised version of the sentencing submission no later than August 26, 2025.

"[T]he First Amendment right of access applies to sentencing memoranda and accompanying exhibits, which therefore can be sealed only if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to

serve that interest.'" *United States v. Greenwood*, --- F.4th ----, No. 23-7432-cr, 2025 WL 2101302, at *2 (2d Cir. July 28, 2025) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (explaining that when the "First Amendment framework applies, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim"). Here, the revised redactions to the sentencing memorandum and the accompanying exhibits, as well as the proposed redactions to the letter request, all pertain to Defendant's "privacy interests, the privacy interests of [her] family and friends, and their safety"—subjects which are "traditionally considered private rather than public." *Greenwood*, 2025 WL 2101302, at *5 (internal quotation marks omitted). All of the proposed redactions are limited to medical or otherwise personal information of Defendant or third parties, the sealing of which is necessary to preserve their privacy or safety. "The sensitivity of the information warrants withholding," *id.*, and the redactions are no more extensive than necessary to protect those interests of Defendant and the third parties. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 253.

    SO ORDERED.

Dated: October 22, 2024
       New York, New York

                                            JOHN P. CRONAN
                                     United States District Judge